UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAVID MORRIS,

                         Plaintiff,                          05 Civ. 7368 (PKC)

      -against-                                   MEMORANDUM
                                                           AND
CITY OF NEW YORK, et. al.,                       ORDER

                        Defendants.
-----------------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.

       Plaintiff David Morris, proceeding pro se, brings this action. On its face, plaintiff's handwritten Amended Complaint does not make reference to any statutory or constitutional basis for his claims. Heeding the command that pro se pleadings are to be given a generous reading and a pro se litigant special solicitude, I construe the Amended Complaint as alleging employment discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and based on age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA"). The defendants are the City of New York, nine individual defendants and a John Doe. Three of the individual defendants are employees of not-for-profit Wildcat Service Corporation, ("Wildcat"): Mr. Maria Cacaville, Mr. Garcia and Mr. Joseph Otero, (collectively, the "Wildcat Defendants"). Two are employees of Rider Job Center, ("Rider"), Mr. Stephen Rose and Ms. Cummings, (collectively, the "Rider Defendants"). Mr. Glenn Nicktenhauser, Mr. Leona James and "John Doe Investigator" are employed by the New York State Department of Human Rights, (collectively the "NYSDHR Defendants"). Robyn McNib is an employee of the Human Resources Administration, Office of Legal Affairs, Employment Law Division of New York

City and Ms. Dorothy Crump is employed by the United States Equal Employment Opportunity Commission. Plaintiff alleges that defendants discriminated against him on the basis of his race and age.

Defendant Crump, the NYSDHR Defendants and the Wildcat Defendants now move to dismiss the Amended Complaint (sometimes referred to as the "AC"). The NYSDHR Defendants and Crump move to dismiss under Rule 12(b)(1), Fed. R. Civ. P., asserting that this court lacks subject matter jurisdiction over plaintiff's claims against them by reason of the Eleventh Amendment and sovereign immunity. Further, they contend that there is no right of action against either the EEOC, or its officials, or the NYSDHR, or its officials, for failure to properly handle a complaint. Additionally, the Wildcat Defendants contend that plaintiff's allegations against them fail to state a claim and should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P. Plaintiff has been served with the Notice to Pro Se Litigants Opposing a Motion to Dismiss, as required by Local Rule 12.1. For the reasons set forth below, the motions are granted and the Amended Complaint is dismissed as against Crump, the NYSDHR Defendants and Wildcat Defendants without prejudice. To date, no motion to dismiss has been filed on behalf of the Rider defendants, McNib or the City of New York.

I.      BACKGROUND

    A.      Plaintiff's Original Complaint and Subsequent Proceedings

The Complaint in this action was received by the Court's Pro Se Office on April 8, 2005. In the Complaint, a form complaint supplied by this district's pro se office, plaintiff identifies himself as a black male. He alleges that, beginning in 2003, he was a participant in the Employment Services Program ("ESP") run by Wildcat. Wildcat is a not-for-profit organization which provides vocational and job placement services for those who have been convicted of

crimes, including parolees and work release participants. On his original Complaint, Plaintiff checked the box indicating that he wished to pursue claims under Title VII and the ADEA against the named individual defendants, the same parties named in the Amended Complaint. He also stated that the only relief sought was that he be granted "a Sodium Pentothal third degree regarding all allegations and contentions." (Compl. "Statement of Facts")  Wildcat is not named as a defendant.

On August 18, 2005, then Chief Judge Michael B. Mukasey issued an Order sua sponte dismissing Morris's Complaint and directing plaintiff to file an Amended Complaint within sixty days from issuance of the Order. (Docket No. 2)  Chief Judge Mukasey determined that plaintiff's Complaint failed to comply with the requirements of Rule 8, Fed. R. Civ. P., even under the notice pleading standard. See Swikiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Further, Chief Judge Mukasey concluded that plaintiff's allegations failed to state a claim under either Title VII or the ADEA. He directed plaintiff to file an Amended Complaint which named only his employer and informed plaintiff that "if plaintiff only seeks to allege Title VII and ADEA claims in this action, the complaint as to the individual defendants Cacaville, Garcia, Otero, Rose, Cummings, Nicktenhauser, Janes, John Doe, McNib and Crump must be dismissed." (Id. at 5)  Plaintiff was directed to include in the Amended Complaint "when and where he worked, what his positions were, why he left each position and the circumstances surrounding each event." Morris was also instructed to include his own race, age and sex, as well as that of other co-workers and supervisors. (Id.)

On October 13, 2005, plaintiff filed an Amended Complaint. On November 3, 2005, the case was assigned to me.

In addition to the instant case, plaintiff has sought to file eight other civil cases in this district relating either to plaintiff's efforts to obtain employment or to state criminal proceedings.[1] In an Order dated February 10, 2006, Chief Judge Mukasey required plaintiff to show cause by affirmation why there should not be an injunction entered against him, barring Morris from filing future actions in the Southern District of New York without first receiving permission from the Court. Morris v. City of New York, 06 Civ. 1075 (MBM). No affirmation was filed by plaintiff and on April 3, 2006, Chief Judge Mukasey issued an Order enjoining plaintiff from filing further actions in this Court without first obtaining the permission of Court. (Yalen Dec. Exh. 1 at 6)  In his Order enjoining plaintiff from future filings, Chief Judge Mukasey noted that plaintiff is no stranger to this Court, having had at least eleven cases filed in this district dismissed for either lack of subject matter jurisdiction, failure to state a claim or from suing a party immune to suit. (Id. at 4-5)  Although distinct from this case, many of those cases involved claims against the defendants named in this action.

B. The Amended Complaint

Plaintiff's eleven-page handwritten Amended Complaint appears to assert substantively the same allegations contained in the original Complaint. The first section of the Amended Complaint, entitled "Facts", is identical to that contained in the original Complaint and states:

> Between February 1st and March 15th, 2004, Petitioner was called in the Office of Mr. Garcia, a Staff Member of Wildcat Service Corporation and informed in front of my supervisor, Mr. Joseph Otero, that should I continue with this complaint against CVS Pharmacy, I will be transferred from Wildcat on

---

[1] The cases included Morris v. City of New York Parks Dept., 06 Civ. 1075; Morris v. Marcos A. Pagan, 06 Civ. 1143; Morris v. U.P.S., Civ. 1145; Morris v. Edward L. Diaz, 06 Civ. 1147; Morris v. Mr. Sullivan, Dis. Atty., 06 Civ. 1148 ("Second Complaint", "Third Complaint", "Fourth Complaint", and "Fifth Complaint," respectively); Morris v. Justice Jackson, 06 Civ. 1149; Morris v. City of New York Park Dept., 06 Civ. 1151; Morris v. City of New York, et. al., No. 06 Civ. 1152.

>Lafayette Ave. And forced to go through all the aggravation of everything, I stated I was interest in, meaning a position at the Parks Department.
>  I wrote to Washington D.C. regarding Mr. Garcia's contentions. Subsequently, thereafter I was transferred to American Works. At that point I spoke with Mr. Rose, Supervisor Ryder Welfare Center, Bronx, NY; he informed me that I was being transferred from Wildcat because of the complaint against CVS. I argued the case and was transferred back to Wildcat. However, I'm not in the position that opened up.
>  Note: Ms. Maria Cacaville, who is the director of this Lafayette office of Wildcat Service Corporation, asked me for a settlement. At which point, I indicated that I was concerned about a settlement because I couldn't control the action at points thereafter.
>  Mr. Rose told me I could speak to Mrs. Cummings in the employment section of Ryder Welfare Center. I spoke to her and she indicated that his was done because someone else had children and they were put into position ahead of me for this reason.
>  Please be advised that I received an answer from an investigator, care of Mr. Glen Nicktanhauser, stating that I was working a provisional job at the Parks Department. And at that point, my complaint was moot.
>  Please be advised that I am not working any provisional position nor was I ever, therefore I seek legal remedies.
>  Petitioner seeks a Sodium Pentothal third degree regarding respondent's contentions. Wherefore Petitioner shall be granted a Sodium Pentothal third degree regarding all allegations and contentions.

The second section of the Amended Complaint is entitled "Rationale". (AC 7)[2] As to the "1st issue", plaintiff alleges that following the filing of the complaint against CVS with the NYSDHR, he was "threatened by Mr. Garcia that should I refuse to drop the complaint. I would be made all the aggravation of the Parks Position." (AC 7) Morris asserts that "I'm Black, I feel this was done also because I'm black, and because I'm trying to be independent which they seem to resent." (AC 7) He then alleges that he "feel[s] this CVS position was contrived to take the Parks Position where I'm more independent." (AC 8) Morris also asserts that he was "J.F.P. at the Parks Dept. which ended after Seven Months however I'm still in court regarding the reason why." (AC 8) Plaintiff alleges that he "feels that this was done because of my race because I don't see any White Hispanics or Non Blacks treated this way. I feel this was done

---

[2] All references are to the page number of the Amended Complaint. The Amended Complaint does not contain numbered paragraphs.

because of my age because there seems to be a tendency to hire younger more dependent men.  I feel this was Retaliation against me for filing and maintaining a complaint against C.V.S. because I was threatened and then I was removed for a[n] insufficient reason." (AC 8)  It is unclear from the face of plaintiff's Amended Complaint what he is referring to when he states he feels that "this" was done.

Regarding his claim against Ms. Crump and the NYSDHR Defendants, plaintiff alleges that "[t]he reason why they are on the action" is that they "didn't find them guilty of anything and I felt this passing the buck on a Sodium Pentothal 3rd Degree". (AC 8-9)  While the only relief requested in plaintiff's Amended Complaint is a "Sodium Pentothal 3rd Degree", plaintiff's opposition to defendants' motion, entitled "Objection to Motion/Objection to Dismissal", requests $600 million from each defendant. (Docket 46)

With the permission of this court, the NYSDHR Defendants moved to dismiss on June 14, 2006.  Defendant Crump moved to dismiss on July 18, 2006 and the Wildcat Defendants filed their motion to dismiss on August 2, 2006.

II.     MOTION TO DISMISS STANDARD

Under Rule 8(a)(2), Fed. R. Civ. P., a plaintiff's civil complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  The plain statement of the claim must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Further, where a plaintiff is proceeding pro se, the court must read the pleadings liberally and view them as raising the strongest arguments that are suggested therein. McEachin v. McGunnis, 357 F.3d 197, 200 (2d Cir. 2004).

On a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the nonmoving party and dismissing the complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999) (quoting Conley, 355 U.S. at 45-46). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se . . . At the 12(b)(6) motion stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.'" Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998)(citations omitted). The court may consider exhibits to the complaint, or documents incorporated by reference into the complaint without converting the motion into one for summary judgment. See International Audiotext Network, Inc. v. AT & T Co., 62 F.3d 69, 72 (2d Cir. 1995) (citation omitted).

The Eleventh Amendment bars "federal jurisdiction over suits against nonconsenting States", and so whether or not sovereign immunity bars a claim is properly decided under a Rule 12(b)(1) motion. U.S. Const. Amend. XI; Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000)(citation omitted). When a defendant's motion to dismiss is premised on the claim that a court lacks subject matter jurisdiction over the allegations as stated in the complaint, the burden of demonstrating that the court has subject matter jurisdiction over the case falls on the plaintiff as it is the plaintiff who seeks to invoke the court's jurisdiction. See Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir. 1996). In deciding whether there is subject matter jurisdiction over a claim, a court "must accept as true all material factual

allegations in the complaint, but . . . not . . . draw inferences from the complaint favorable to plaintiffs." J.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004), cert. denied, 544 U.S. 968 (2005). Further, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . not rely on conclusory or hearsay statements contained in the affidavits." Id. Because defendants have moved pursuant to both Rule 12(b)(1) and 12(b)(6), I apply each of the standards described above as applicable to each of plaintiff's claims.

III.   DISCUSSION

In evaluating plaintiff's claim, I have considered not only the arguments raised by the parties but also whether plaintiff's Amended Complaint is in compliance with Rule 8 of the Federal Rules of Civil Procedure, an issue addressed in Chief Judge Mukasey's Order (insofar as the original Complaint was at issue) but not in the motions of the parties addressed to the Amended Complaint. I conclude that plaintiff's Amended Complaint does not meet the minimal standards of Rule 8 and is dismissed against Crump, the NYSDHR Defendants and the Wildcat Defendants. Even if plaintiff's Amended Complaint had complied with Rule 8, the movants' motions should nevertheless be granted as the Amended Complaint improperly names individual defendants who are not subject to suit under either Title VII or the ADEA and, additionally, Crump and the NYSDHR Defendants enjoy sovereign immunity as to plaintiff's claims.

   A.   Pleading Requirements of Rule 8

A civil complaint, with exceptions not applicable here, must comply with the requirement of Rule 8, Fed. R. Civ. P., that it contain "a short and plain statement of the claim." "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Dismissal is proper where

"[s]uch leave to amend has previously been given and the successive pleadings remain prolix and unintelligible." see, e.g., Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972), cert. denied, 411 U.S. 935 (1973). I am mindful of the fact that Rule 8 requires only notice pleading and does not require that a plaintiff plead facts which state a prima facie case of discrimination. Swierkiewicz, 534 U.S. at 510. However, even under the lenient pleading requirement of Rule 8(a)(2), "conclusory allegations are insufficient to withstand a motion to dismiss." See Giaccio v. City of New York, 2005 WL 95733, *5, (S.D.N.Y. Jan. 19, 2005)(citing Straker v. Metro. Transit Auth., 333 F.Supp.2d 91, 102 (E.D.N.Y. 2004)(reviewing post- Swierkiewicz cases)). As the Second Circuit recently noted, Rule 8 "stop[s] well short of saying that Plaintiffs bear no burden at the pleading stage." Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338, 343 (2d Cir. 2006).

Title VII prohibits employers from discriminating against employees with respect to compensation, terms, conditions, or privileges of employment on the basis of race or national origin. 42 U.S.C. § 2000e-2. The ADEA similarly prohibits discrimination on the basis of age and protects individuals over the age of forty. 29 U.S.C. § 631. In addition to substantive anti-discrimination provisions, both Title VII and the ADEA contain provisions that protect employees from retaliation by employers for participation in activities challenging perceived discrimination. 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d).

Plaintiff's Amended Complaint cannot be said to give defendants fair notice of the basis of the claims asserted against them. While the Amended Complaint asserts plaintiff's "feeling" that he has been discriminated against (AC 7, 8), this allegation is neither specific as to any individual defendant nor is it tied to any specific conduct by any defendant. Despite asserting a claim of discrimination based on age, the Amended Complaint does not set forth plaintiff's age. It is also unclear whether the discriminatory incident alleged in the Amended

Complaint is the Park Department's failure to hire plaintiff for a permanent position or the termination of plaintiff's position with the Park Department or his transfer from Wildcat to an alternative jobs provider or some combination of these incidents. Averments such as those contained in the Amended Complaint plainly do not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Plaintiff's Amended Complaint does not comply with Rule 8 and must be dismissed against Crump, the NYSDHR Defendants and the Wildcat Defendants.

      B.     <u>The Amended Complaint Improperly Names Individual Defendants</u>

Title VII and the ADEA do not provide for personal liability on the part of individual defendants. As the Second Circuit as stated, "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." Tomla v. Seiler Corp., 66 F.3d 1295, 1313-17 (2d Cir. 1995), abrogated on other grounds, Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998). The same is true under the ADEA. Crayton v. Long Island R.R., 2006 WL 3833114, *5 (E.D.N.Y. Dec. 29, 2006); Parker v. Metropolitan Transp. Auth., 97 F. Supp.2d 437, 452 (S.D.N.Y. 2000). Despite Chief Judge Mukasey's explicit warning to plaintiff that claims based on the ADEA or Title VII may not be asserted against individual defendants, plaintiff has renamed all of the individual defendants and no employer or entity defendants. Plaintiff's claims against the Wildcat Defendants, Crump and the NYSDHR Defendants—all individuals— fail to state a claim and must be dismissed.

      C.     <u>The Eleventh Amendment Bars Morris's Claims Against Crump and the NYDSHR Defendants</u>

In prohibiting suits against states, the Eleventh Amendment confirms two presuppositions of constitutional proportion: "first, that each State is a sovereign entity in our federal system; and second, that '[i]t is inherent in the nature of sovereignty not to be amenable

to the suit of an individual without its consent . . . .'"  Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).  Similarly, suits against the federal government are barred where Congress has not consented to suit. Block v. North Dakota, 461 U.S. 273, 287 (1983).  The immunity of both the federal and state government extends to all agencies and officials sued in their official capacity. See F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  The burden of demonstrating that sovereign immunity applies falls on the party that is asserting it. See Woods v. Rondout Valley Cent. Sch. Dist. Board of Educ., 466 F.3d 232, 237 (2d Cir. 2006).

Here, it appears from the allegations contained in the Amended Complaint that the NYSDHR officials and Crump are sued in their official capacities.  Even liberally read, plaintiff's Amended Complaint cannot be read to assert personal capacity suits against the NYSDHR Defendants under section 1983 or against Crump under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The nature of plaintiff's claim is not that the defendants, acting under color of state or federal law, violated plaintiff's rights under the constitution or federal law.  There are no allegations that could be read to suggest such a claim.  Rather than alleging any wrongdoing or discrimination on the part of the individual NYSDHR Defendants or Crump, the Amended Complaint alleges that they are named because of the outcome of the NYSDHR investigation into plaintiff's claims, which the EEOC adopted.  The only alleged wrongdoing on the part of Crump and the NYSDHR defendants is that they "didn't find them guilty of anything and I felt this passing the buck on a Sodium Pentothal 3rd Degree". (AC 8-9; AC Exh. 1)   The Amended Complaint, liberally construed, does not allege a claim under either section 1983 or Bivens and Morris's claims against the

Case 1:05-cv-07368-PKC-RLE   Document 53   Filed 03/01/07   Page 12 of 12

12

NYSDHR Defendants and Crump in their official capacities are barred by sovereign immunity and must therefore be dismissed.

IV.    CONCLUSION

For the foregoing reasons, the Amended Complaint is dismissed against defendants Crump, Nicktenhauser, James, "John Doe Investigator", Cacaville, Garcia and Otero.

SO ORDERED.

Dated: New York, New York
       February 28, 2007

_____
P. Kevin Castel
United States District Judge